UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FARMBROOKE FAMILY PHYSICIANS, P.C., | ) ) ) | |
| Plaintiff, | ) ) | No. 25 C 6597 |
| v. | ) ) ) | Magistrate Judge M. David Weisman |
| COMMUNITY HOME PHYSICIANS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, Farmbrooke Family Physicians, LLC's ("Farmbrooke") motion to dismiss the counterclaim [20] is granted. Ruling and status hearing set for 12/17/25 are stricken. Status hearing is set for 12/3/25 at 9:15 a.m. for docket management. Joint status report due by noon on 12/2/25 setting forth a proposed discovery schedule and any other issues the parties wish to raise. If no issues exist and the parties agree on a reasonable discovery schedule, the Court will enter the proposed schedule, and the status hearing will be reset to a future date.

In a January 17, 2024 Asset Purchase Agreement ("APA"), Community Home Physicians, LLC ("Community") purchased certain of Farmbrooke's assets. In exchange for Farmbrooke's identified assets, Community agreed to pay Farmbrooke a total of $160,000.00 over several payments. According to Farmbrooke's allegations, Community made only one full payment and one partial payment, thus breaching its agreement with Farmbrooke. Community then filed a counterclaim also alleging breach of contract. Specifically, Community alleges that Dr. Mark Sikorski, President of Farmbrooke, who was obligated to perform certain services under a separate employment agreement with Community, failed to do so. Farmbrooke moves to dismiss Community's counterclaim, asserting that it does not allege any facts demonstrating that Farmbrooke breached any contractual obligation to Community; instead, Farmbrooke contends, Community improperly seeks to sue Farmbrooke for a third party's (i.e., Dr. Sikorski's) performance of a completely different contract. Despite being given the opportunity to do so, Community did not file a response to the motion to dismiss, so the Court rules on Farmbrooke's motion without the benefit of a response.

Under the Agreement, Farmbrooke was obligated to deliver to Community upon closing an employment agreement between Dr. Mark Sikorski and Community (hereinafter the "Employment Contract"). Farmbrooke states it performed this obligation, and Community attaches the Employment Contract as an exhibit to its counterclaim. (Dkt. # 11-1, at Page 22 of 33.) As Farmbrooke notes, the Employment Contract is between Dr. Sikorski and Community,

Farmbrooke is not a signatory to the Employment Contract, and it contains a "No Third Party Beneficiaries" clause, stating in relevant part that "this Agreement is for the sole benefit of the parties hereto . . . and nothing herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this agreement." (*Id*. at Page 14 of 33.)

The Employment Contract further states that it "shall be governed by and construed in accordance with the internal laws of the State of Michigan without giving effect to any choice or conflict of law provision or rule contains a Michigan law." (*Id*.) As Farmbrooke notes, under Michigan law, "[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014). Here, Community does not allege a contract between Farmbrooke and Community exists, so Community cannot allege a breach by the "other party," i.e., Farmbrooke. Because the allegations of the counterclaim cannot satisfy the elements of a breach-of-contract action in Michigan, Farmbrooke's motion to dismiss the counterclaim [20] is granted.

**Date**: November 12, 2025

_____
**M. David Weisman**
**United States Magistrate Judge**