**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Farmbrooke Family Physicians, P. C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-06597 |
| v. | ) | |
| | ) | Hon. M. David Weisman |
| Community Home Physicians, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**SANCTIONS AND/OR TO COMPEL RESPONSES TO DISCOVER REQUESTS**

Plaintiff Farmbrooke Family Physicians, P. C. ("Farmbrooke Family"), pursuant to Federal Rules of Civil Procedure 16(f) and 37, respectfully moves the Court to enter an order sanctioning Defendant Community Home Physicians, LLC ("Community Home") and/or compelling it to answer discovery requests propounded by Plaintiffs within 7 days of the Court's order. In support of this motion, Plaintiff states as follows:

**INTRODUCTION**

This is a simple, straightforward breach of contract dispute. Farmbrooke Family alleges that Community Home breached the parties' contract by failing to pay Farmbrooke Family the full amount due under the January 17, 2024 Asset Purchase Agreement (the "APA"). *See, e.g.*, Memorandum Opinion and Order, ECF No. 37, at 1. As a result, Farmbrooke Family filed its one-count breach of contract complaint against Community Home on June 13, 2025.

Now, nearly a year after this litigation began, Community Home has failed to comply with the discovery schedule set by the Court. Indeed, by failing to provide ***any*** responses to the discovery served on it, Community Home has failed to participate in discovery altogether.

Accordingly, Farmbrooke Family now asks the Court to impose sanctions on Community Home for its continuing failure to comply with its obligations.

## BACKGROUND

Farmbrooke Family filed the Complaint in this action almost a year ago, alleging a straightforward breach of contract. ECF No. 1. Following some motion practice that resulted in the dismissal of Community Home's counterclaims, on December 15, 2025, the Court entered a scheduling order that adopted the parties' proposed schedule. ECF No. 41. The order directed the parties to issue written discovery by January 23, 2026 and complete fact discovery by April 30, 2026. *Id*.

As directed, on January 23, 2026, the parties served their discovery requests, including Farmbrooke Family's First Set of Requests for the Production of Documents and Things, First Set of Interrogatories, and First Set of Requests to Admit, attached as Exhibits A-C, respectively. Pursuant to the Rules, the deadline for both parties' responses to these discovery requests was February 22, 2026.

At Community Home's invitation, the parties agreed to extend time to respond to discovery to allow Community Home to make a settlement offer. ECF No. 47 at ¶ 2. By March 27, 2026, Community Home had not delivered the promised offer, so Farmbrooke Family notified Community Home that it believed the parties should proceed with discovery and served its responses to Community Home's discovery requests. *Id* at ¶ 3. Farmbrooke Family also requested that Community Home serve its own responses to Plaintiff's outstanding discovery requests. *Id*. Farmbrooke Family also served a notice for a Rule 30(b)(6) deposition of Community Home, proposing that the deposition occur on April 27, 2026, but also indicating a willingness to coordinate that date with Community Home. *Id* at ¶ 4.

Defendant did not serve its discovery responses or respond to the deposition notice. After the parties submitted a joint status report relaying this, the Court issued a minute order on April 20, 2026 stating :

> The Court has reviewed the parties' joint status report [50] indicating that there was some discussion about resolving the matter, but no settlement offer from Defendant was forthcoming. Pursuant to the parties' request, the fact discovery deadline is extended to 6/30/26; no further extensions will be allowed barring extraordinary circumstances given the parties' ostensible use of time to attempt to resolve the matter, but apparently without mutual participation. Parties to diligently proceed with completion of fact discovery. **Defendant's discovery responses due on or before 5/1/26.** Status hearing set for 4/23/26 is stricken and reset to 5/20/26 at 9:15 a.m.

ECF No. 51 (emphasis added). The Court-ordered May 1st deadline for responding to Plaintiff's discovery requests came and went without any compliance by Community Home or justification for its non-compliance. On May 4, Counsel for Farmbrooke Family followed up with Community Home's counsel regarding his client's outstanding responses. Counsel's Email Exchange, attached as Exhibit D. Community Home's counsel responded that he was still waiting on his client to get him the responses. On May 6, Plaintiff's counsel replied stating:

> While I certainly understand the issues associated with getting input from clients, the Court has set a pretty tight schedule. The schedule requires any issues with written discovery to be raised and addressed by May 15th in advance of the May 20th status hearing. Given that, if we do not have the responses in time to address any issues in a timely manner, we will ask the Court to sanction your client for its failure to comply with the deadlines set by the Court.

*Id.*. In response, Community Home's counsel stated: "Fair enough. I understand your position. I appreciate the advance warning on sanctions and will convey it to my client to see if it helps me get the responses sooner. Would you be amenable to a hard deadline of the 12th for me to get you responses if I can?" *Id*. The following day, Plaintiff's counsel responded: "Why don't we see what your client is able to provide and when and we can go from there?" *Id.*

3

Community Home again failed to provide any responses, meaning both Defendant's own proposed May 12, 2026 deadline and the Court's May 15, 2026 deadline for addressing any issues with respect to written discovery passed without any responses from Community Home. Consequently, Plaintiff's counsel wrote to Defendants counsel indicating that Farmbrooke Family would, in the parties' upcoming status report, inform the Court of the continued issue and request an appropriate sanction at the status hearing. Exhibit D.

In the Joint Status Report filed on May 19, 2026, Farmbrooke Family made the promised report. May 19, 2026 Joint Status Report, ECF No. 52 at ¶ 2-3. In response, Community Home acknowledged to the Court that "Defense counsel also admits he has not tendered discovery responses to Plaintiff's counsel as of the date of this report because he has not yet received discovery responses from his client despite making them aware of the pending deadline." *Id*. at ¶ 6. Community Home sought an additional 14 days to provide its discovery responses, although it never explained its failure to serve its discovery responses. *Id.* at ¶ 7. Finally, in the Joint Status Report, Plaintiff stated:

> Given Defendant's failure to participate in discovery and comply with the Court's deadlines, Plaintiff requests that the Court enter sanctions against Defendant, including, but not limited to, barring Defendant's from presenting any documents or witnesses at trial. Depending on how the Court resolves these issues, including whether the Court gives the Defendant any further opportunity to participate in discovery, Plaintiff requests the opportunity to serve additional deposition notices for any witnesses for whom Plaintiff deems a deposition appropriate.

*Id.* at ¶ 4.

During the status hearing on May 20, the parties discussed the resulting situation. In its subsequent minute order, the Court noted: "Defense counsel states that his client has not responded to counsel's requests for discovery responses." ECF No. 53. The Court further noted: "Discussion held on Plaintiff's anticipated motion to compel; Defendant objects generally to motion practice

on this issue. Given the Defendant's history in this matter, and the recent change of counsel, the Court believes formal motion practice to address possible relief for Plaintiff is appropriate and necessary." ECF No. 53.

Accordingly, Farmbrooke Family now brings this motion.

## ARGUMENT

The Court should issue an order both compelling Defendant to respond to Plaintiff's discovery requests forthwith and imposing sanctions for failing to abide by the discovery rules and this Court's April 20, 2026 order directing Defendant to serve its discovery responses by May 1, 2026.

Federal Rule of Civil Procedure 37(a)(3)(B) authorizes a party seeking discovery to move for an order compelling an answer, designation, production, or inspection when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Here, there has been a complete failure on the part of Community Home to answer a single discovery request, even a month after the May 1, 2026 deadline the Court ordered for responding to discovery. Community Home does not even try to justify or excuse its non-compliance. There is no reason why the Court should not compel Community Home to immediately respond to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories. With respect to the Plaintiff's Requests to Admit, those requests have now been admitted pursuant to Fed. R. Civ. P. 36 (a)(3) due to Defendants' failure to respond by the deadline.

When a defendant fails to obey a court order directing discovery responses, Rule 37(b)(2) provides the primary basis for sanctions. Violation of a court order directing discovery is a sound basis upon which a district court may impose sanctions. Fed. R. Civ. P. 37(b)(2); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 755–56 (7th Cir.1994). Thus, after a court has issued an order setting a deadline

for discovery responses, as the Court did here on April 20, 2026 setting May 1, 2026 as the deadline for Defendant's compliance, a plaintiff may file a motion for sanctions if the defendant fails to comply with that deadline. *Id.*

The Seventh Circuit has clarified that "although a motion to compel usually precedes imposition of discovery sanctions, a prior formal motion to compel is not necessary." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984) (citing *Properties International, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983)). Rather, "where party has received adequate notice that certain discovery proceedings are to occur by specific date and that party fails to comply, a court may impose sanctions without a formal motion to compel discovery from the opposing party." *Id.* Indeed, under some circumstances, a noticed party's failure to satisfy discovery obligations, even absent a court order, may be properly sanctioned. Fed. R. Civ. P. 37(d), *Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164–65 (7th Cir.1994), *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir.1992).

"An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Woods v. Chicago Transit Authority*, 2006 WL 2460618, *2 (N.D.Ill. Aug. 18, 2006) citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 (1976).

Here, there is no dispute that the Court issued a discovery response deadline and that Community Home was made aware of that deadline. In the parties' most recent Joint Status Report, Community Home acknowledged the deadline and its failure to comply with it. ECF No. 52. at ¶ 6. (noting that Defendant's counsel "has not yet received discovery responses from his client despite making them aware of the pending deadline"). Thus, Community Home's failure to comply

6

with its discovery obligations and this Court's orders is knowing and willful and sanctions are merited. Sanctions that this Court could impose include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order.

Fed. R. Civ. P. 37(b)(2)(A). Subsection C states that "the court ***must order*** the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Rule 37(b)(2)(C).

Given Community Home's continued failures to comply with the Court's deadlines (or meaningfully participate in this litigation at all), Farmbrooke Family now requests that the Court enter an order that either enters judgment against Community Home, directs that its breach as alleged in the Complaint be taken as established for purposes of this action, or prohibits Community Home from opposing Farmbrooke Family's breach of contract claim, as provided for in Rule 37(b)(2)(A). *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir.1992) (affirming sanction of default judgment where defendant refused to show up for her deposition); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 C 4462, 2013 WL 4598490,

**11-14 (N.D. Ill. Aug. 29, 2013 (Grady, J.) (precluding defendant from offering evidence in support of their defenses where defendant failed to produce documents by the court-imposed deadline).

To the extent that the Court believes such an order would, notwithstanding Community Home's continued failure to engage in this litigation, nonetheless be too drastic, Farmbrooke Family requests that the Court enter an order finding Community Home to be in contempt of court and impose a fine of $2,500 per day, or such other amount as the Court deems appropriate, until such time as Community Home provides its discovery responses, with such fine to be paid to Farmbrooke Family and be offset against any final judgment entered in its favor. *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003) ("there is ample case law validating the use of fines, especially where they are 'remedial,' as sanctions for discovery abuses); *Classic Amenities, Inc. v. Verbeke*, No. 00 C 3326. 2001 WL 630709, at *2 (N.D.Ill. June 4, 2001) (assessing a $5000 fine for a Rule 37 violation and collecting cases assessing court fines). Finally, Farmbrooke Family requests that Community Home be required to pay Farmbrooke Family's reasonable expenses, including its attorney's fees.

WHEREFORE, Plaintiff Farmbrooke Family Physicians, P.C. respectfully requests that the Court enter an order addressing Defendant Community Home Physicians, LLC's failures to comply with the Court's orders as outlined above and for such other relief as the Court deems appropriate.

Dated: May 29, 2026                                    Respectfully Submitted,

**PLAINTIFF FARMBROOKE**
**FAMILY PHYSICIANS, P.C.**

By:     /s/Max A. Stein
One of its attorneys

Michael B. Cohen (ARDC # 6292575)
Max A. Stein (ARDC # 6275993)
Keith M. Stolte (ARDC # 6244848)
**MAXSON MAGO & MACAULAY, LLP**
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
mcohen@em3law.com
mstein@em3law.com
kstolte@em3law.com

9