# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Farmbrooke Family Physicians, P. C., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-06597 |
| v. | ) | |
| | ) | Magistrate Judge: M. David Weisman |
| Community Home Physicians, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff, Farmbrooke Family Physicians, P. C. ("Farmbrooke"), through its attorneys and pursuant to Federal Rule of Civil Procedure 34, sets forth the following document requests to be answered by Defendant Community Home Physicians, LLC ("Community Home") within 30 days or as mutually agreed to by the parties.

**INSTRUCTIONS & DEFINITIONS**

The instructions and definitions for these interrogatories are set forth in Exhibit 1.

**REQUESTS FOR PRODUCTION**

1. All documents referred to or identified in Defendant's responses to any interrogatories served on it in this matter.

**RESPONSE:**

2. All documents regarding or related to any claims or defenses asserted in this matter.

**RESPONSE:**

3. All documents related to the Asset Purchase Agreement attached to the Complaint as Exhibit 1 (the "APA").

**RESPONSE:**

4.      All documents relating to or referencing Community Home's decision not to make payments to Farmbrooke referenced in Section 1.04 of the APA.

**RESPONSE:**

5.      All documents you believe justify your non-payment of the $6,000 monthly payments and $28,000 balloon payment reference in Section 1.04 of the Asset Purchase Agreement.

**RESPONSE:**

6.      All documents relating to any alleged prior material breach of the Asset Purchase Agreement by Farmbrooke.

**RESPONSE:**

7.      All documents from Dr. Sikorski's employment file.

**RESPONSE:**

8.      All documents relating to Dr. Sikorski's performance as an employee of Community Home.

**RESPONSE:**

9.      All documents relating to any complaints by patients or employees of Community Home concerning Dr. Sikorski.

**RESPONSE:**

10.     All documents related to any claim by you that Dr. Sikorski voluntarily terminated his employment agreement.

**RESPONSE:**

11.     All documents relating to Dr. Sikorski's termination of employment by Community Home.

**RESPONSE:**

12.     All documents relating to Affirmative Defense No. 3 in your Answer that Farmbrooke "knowingly misrepresented or concealed material facts."

**RESPONSE:**

13.     All documents relating to Affirmative Defense No. 4 in your Answer that Farmbrooke "acted arbitrarily, capriciously and/or in a manner inconsistent with reasonable expectations.".

**RESPONSE:**

14.     Copies of your monthly, quarterly and annual financial statements for the years 2024 and 2025, including profit and loss statements and balance sheets.

**RESPONSE:**

Dated: January 23, 2026                    Respectfully submitted,

                                           **FARMBROOKE FAMILY
                                           PHYSICIANS, P. C**


                                           By:___/s/ *Max A. Stein*_____
                                                  One of its attorneys

                                           Michael B. Cohen (ARDC # 6292575)
                                           Max A. Stein (ARDC No. 6275993)
                                           Keith M. Stolte (ARDC No. 6244848)
                                           MAXSON MAGO & MACAULAY LLP
                                           77 W. Wacker Drive, Suite 4500
                                           Chicago, IL 60601
                                           mcohen@em3law.com
                                           mstein@em3law.com
                                           kstolte@em3law.com

3

# EXHIBIT 1

**INSTRUCTIONS**

1.      These document requests are issues pursuant to Federal Rule of Civil Procedure 34 and subject to all the requirements of that rule, as well as any orders entered by the Court.

2.      Each document request includes any document which is in any way in the possession or custody or subject to the control of Community Home Physicians, LLC ("Community Home")  or Community Home's employees, agents, or attorneys or to which Community Home or its employees, agents, or attorneys have access.

3.      If, for reason other than a claim of privilege, you refuse to answer any document request or any portion of any document request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

4.      If any document requested herein is withheld, in whole or in part, upon a claim of privilege, provide the following information with respect to such document:

   a.  the date the document was obtained or created;

   b.  the identity of the individuals who obtained or created the document by name, address, title and affiliation;

   c.  the identity of all individuals with whom the document was shared by name, address, title and affiliation;

   d.  a brief description of the nature and subject matter of the document; and

   e.  the identity of the statute, rule or decision which is claimed to give rise to the claimed privilege.

5.      If any document request cannot be answered in full, after exercising due diligence to secure the information requested, please so state and answer the document request to the extent possible, specifying the inability to answer the remained of any such document request and producing whatever documents are available and stating whatever information is presently available concerning the portion of said document request that could not be answered.

5

6.     If any documents requested herein are not presently in your possession or subject to your control, identify such documents and identify each person who was or is in possession of the documents.

7.     If any documents requested herein have been destroyed, lost, discarded, or otherwise disposed of, provide a written statement:

      f.     describing in detail the nature and contents of each such document;

      g.     identifying all author(s), recipient(s), and sender(s) of each such document,

      h.     specifying the date each such document was prepared or transmitted; and

      i.     specifying the date on which each such document was lost or disposed of and, if disposed of, the conditions of and reasons for such disposal, the person(s) authorizing such disposal, the person(s) disposing of the document, and any person(s) currently in possession of copies of the document.

8.     In construing these document requests:

      j.     A masculine, feminine, or neuter pronoun shall not exclude the other genders.

      k.     The singular shall include the plural and the plural shall include the singular.

9.     Any party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, or any other individual or entity acting in concert with them, under their control, or on their behalf, whether directly or indirectly, and any predecessor in interest.

10. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

11. These document requests are independent requests, meaning no document request should be construed by reference to any other document request for the purpose of interpreting any document request.

12. In answer to these document requests, you are requested to furnish all documents available to you, including, but not limited to, documents in the possession of any former or current attorneys, agents, officers, directors, employees, investigators, representatives, corporate parent, subsidiaries or indirect or direct affiliates, or anyone acting in cooperation or in concert with the case to be presented by you.

13. Any document request requesting the identification of evidence you intend to introduce at trial seeks only that evidence you know of at the time of your response. Any evidence identified after the time of your response may be identified as it becomes known.

14. These document requests are continuing in nature so as to require you to provide a supplementary answer if any further non-privileged information responsive to any request is found or created.

15. Unless otherwise indicated, the time period for these document requests is January 1, 2024 to present.

## **DEFINITIONS**

1. "Persons" or "entities" means each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or

incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "entity," or otherwise encompassed within this definition.

2. "Communicate" or "communication" means and includes every manner or means of disclosure, transfer, or exchange of information, whether done orally or in writing, face-to-face, by telephone, telecopier, mail, e-mail, facsimile, personal delivery, overnight delivery, or otherwise.

3. "Document" or "documents" means every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, magnetic, photographic, phonographic, electronic, or electrical means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and any other call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorializations of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail messages, hard disks, floppy disks, compact disks, magnetic

8

tapes, computer tapes, any other type of computer media, and computer memory. This definition of "document" or "documents" includes electronic data in all its forms, including, but not limited to, information stored or maintained on, or which could be reproduced from, microfilm, computer printout, computerized backup media, cloud storage, or similar means.

4.     The term "computer" shall include, but is not limited to, microchips, personal computers and any other microcomputers, laptop computers, portable computers, notebook computers, tablets, personal digital assistants or any other handheld computers, personal communication devices (including, but not limited to BlackBerry, iPhone, Android, or any other form of mobile communications), and mainframe computers.

5.     The term "ESI" means any electronically stored documents and information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly, or, if necessary, after translation by the responding party into a reasonably usable form.

6.     The term "metadata" means the electronic information describing the history, tracking, or management of an electronic document. Metadata may include (but shall not be limited to) the name of the file creator, the name of the last editor, the number of times printed, the number of revisions, any deleted text, document comments, and the name of the document file.

7.     "Relating to," or any form thereof, means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

8.     The words "and" and "or" shall be construed both conjunctively and disjunctively. The singular shall be deemed to refer to the plural, and vice versa.

9.     "You", "your", or "Community Home" shall mean Community Home Physicians, LLC, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated

9

entities, predecessors, successors, parents, and their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

10. "Employee(s)" means any person who at any time during the period covered by this request (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

11. "Complaint" means the Complaint filed by Farmbrooke in this matter.

12. "Answer" shall mean the Answer filed by Community Home Physicians, LLC in this matter.