# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Farmbrooke Family Physicians, P. C., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-06597 |
| v. | ) | |
| | ) | Magistrate Judge: M. David Weisman |
| Community Home Physicians, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Plaintiff, Farmbrooke Family Physicians, P. C ("Farmbrooke"), through its attorneys and pursuant to Federal Rule of Civil Procedure 33, sets forth the following interrogatories to be answered by Defendant Community Home Physicians, LLC (Community Home") within 30 days.

**INSTRUCTIONS & DEFINITIONS**

The instructions and definitions for these interrogatories are set forth in Exhibit 1.

**INTERROGATORIES**

1.      Identify all persons, other than attorneys representing you in this matter, who participated or assisted in, or who were consulted about, the drafting of answers or objections to any of these interrogatories and identify which interrogatory or interrogatories each such person answered.

**RESPONSE:**

2.      Identify all persons who may have knowledge of any facts relevant to the allegations of the Complaint and the Answer to the Complaint and Affirmative Defenses, and for each such person, state the subject and extent of such person's knowledge.

**RESPONSE:**

3. Identify any reasons Community Home ceased making payments to Farmbrooke required by section 1.04 of the Asset Purchase Agreement attached as Exhibit 1 to the Complaint (the "APA") and identify all persons who made the decision to cease such payments or who participated in making that decision.

**RESPONSE:**

4. Identify any reasons that Community Home terminated Dr. Sikorsky's employment and identify all persons who made the decision to terminate his employment or who participated in making that decision.

**RESPONSE:**

5. Identify the reasons for your denial of Paragraph No. 14 in the Complaint that "Dr. Sikorski was never told that his performance of his employee duties with Community fell short of the contractual (or any other) standard," identifying dates of any related communications and the person or persons involved in such communications.

**RESPONSE:**

6. Identify the reasons for your denial of Paragraph No. 15 in the Complaint that "Dr. Sikorski provided his services in complete conformity with his contractual obligations as detailed in his employment agreement with Community."

**RESPONSE:**

7. Identify the reasons for your denial of Paragraph No. 17 in the Complaint that "Dr. Sikorski did not voluntarily leave his employment with Community."

**RESPONSE**:

8. Identify the reasons for your denial of Paragraph No. 28 in the Complaint that "Community and Farmbrooke entered [into] an enforceable contract for the purchase of assets."

2

**RESPONSE:**

9.      Identify the "various complaints about [Dr. Sikorski's] conduct" and Dr. Sikorski's "failure to comply with CP's requests" referenced in Brian Guimon's letter to Dr. Sikorski dated May 13, 2013, identifying all persons who made the complaints against Dr. Sikorski, the date of the complaints, the substance of the complaints, all communications concerning the complaints and any actions Community Home took with respect to the complaints.

**RESPONSE:**

10.      Identify every prior material breach upon which Community Home bases its Affirmative Defense No. 1 for Prior Material Breach by Farmbrooke, identifying for each such breach, the date of the breach, all communications relating to the breach, including communications to and from Farmbrooke and/or Dr. Sikorski, the substance of the breach, and all harm to Community Home caused by the breach.

**RESPONSE:**

11.      Identify the basis for your allegations in Affirmative Defense No. 3 for Equitable Estoppel that "FB knowingly misrepresented or concealed material facts and hence should be equitably estopped from recovering on it[s] claims."

**RESPONSE:**

12.      Identify the basis for your allegations in Affirmative Defense No. 4 for Breach of the Covenant of Good Faith and Fair Dealing that "FB acted arbitrarily, capriciously and/or in a manner inconsistent with reasonable expectations," including identifying all such acts, the dates of the occurrence, and the impact on Community Health.

**RESPONSE:**

3

13.     Identify all complaints received by Community Home between January 17, 2024 and May 30, 2024 by any patient, customer, or employee related to Dr. Sikorski, identifying the person or persons making the complaint, the date or approximate date of the complaint, the substance of the complaint, and any actions Community Home took in response to the complaint.

**RESPONSE:**

Dated: January 23, 2026

Respectfully submitted,

**FARMBROOKE FAMILY PHYSICIANS, P. C**

By:     /s/ *Max A. Stein*
          One of its attorneys

Michael B. Cohen (ARDC # 6292575)
Max A. Stein (ARDC No. 6275993)
Keith M. Stolte (ARDC No. 6244848)
MAXSON MAGO & MACAULAY LLP
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
mcohen@em3law.com
mstein@em3law.com
kstolte@em3law.com

# EXHIBIT 1

**INSTRUCTIONS**

1.      These interrogatories are issued pursuant to Federal Rule of Civil Procedure 33 and subject to all the requirements of that rule, as well as any orders entered by the Court.

2.      Each interrogatory includes information which is in any way in the possession or custody or subject to the control of Community Home Physicians, LLC ("Community Home"), or Community Home's employees, agents, or attorneys or to which Community Home or Community Home's employees, agents, or attorneys have access.

3.      If, for reason other than a claim of privilege, you refuse to answer any interrogatory or any portion of any interrogatory, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

4.      If any information requested herein is withheld, in whole or in part, upon a claim of privilege, provide the following information with respect to such information:

(a)      the date the information was obtained or created;

(b)      the identity of the individuals who obtained or created the information by name, address, title and affiliation;

(c)      the identity of all individuals with whom the information was shared by name, address, title and affiliation;

(d)      a brief description of the nature and subject matter of the information; and

(e)      the identity of the statute, rule or decision which is claimed to give rise to the claimed privilege.

5.      Whenever the information furnished in answer to an interrogatory is not within your personal knowledge, please identify the source of the information.

6.      If any interrogatory cannot be answered in full, after exercising due diligence to secure the information requested, please so state and answer the interrogatory to the extent possible, specifying the inability to answer the remainder of any such interrogatory and stating

6

whatever information or knowledge presently is available concerning the portion of said interrogatory that could not be answered.

7.      If any information requested herein is not presently in your possession or subject to your control, identify such information and identify each person who was or is in possession of the information.

8.      If any information requested herein has been destroyed, lost, discarded, or otherwise disposed of, provide a written statement:

(a)     describing in detail the nature and contents of each such document;

(b)     identifying all author(s), recipient(s), and sender(s) of each such document,

(c)     specifying the date each such document was prepared or transmitted; and

(d)     specifying the date on which each such document was lost or disposed of and, if disposed of, the conditions of and reasons for such disposal, the person(s) authorizing such disposal, the person(s) disposing of the document, and any person(s) currently in possession of copies of the document.

9.      In construing these interrogatories:

(a)     A masculine, feminine, or neuter pronoun shall not exclude the other genders.

(b)     The singular shall include the plural and the plural shall include the singular.

10.     Any party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, or any other individual or entity acting in concert with them, under their control, or on their behalf, whether directly or indirectly, and any predecessor in interest.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.     These interrogatories are independent requests, meaning no interrogatory should be construed by reference to any other interrogatory for the purpose of interpreting any interrogatory.

13.     In answer to these interrogatories, you are requested to furnish all information available to you, including, but not limited to, information in the possession of any former or current attorneys, agents, officers, directors, employees, investigators, representatives, corporate parent, subsidiaries or indirect or direct affiliates, or anyone acting in cooperation or in concert with the case to be presented by you.

14.     Any interrogatory requesting the identification of witnesses seeks only those witnesses you know of at the time of your response.  Any witnesses identified after the time of your response may be identified as they become known.

15.     Any interrogatory requesting the identification of evidence you intend to introduce at trial seeks only that evidence you know of at the time of your response.  Any evidence identified after the time of your response may be identified as it becomes known.

16.     These interrogatories are continuing in nature so as to require you to provide a supplementary answer if any further non-privileged information responsive to any request is found or created.

17.     Unless otherwise indicated, the time period for these document requests is January 1, 2024 to present.

8

## DEFINITIONS

1.     The terms "identify"or "describe" when used with reference to an individual requires a statement of the individual's full name, present or last known position or business affiliation, business address and telephone number, and present or last known residential address and telephone number; and when used with reference to any entity requires the identification of the entity's legal name, the names under which it does business, its form (proprietorship, corporation, partnership, association or business trust, etc.), the date of its inception and/or incorporation, identification of its principal proprietors, partners, members and/or officers, its present address, and its relationship, if any, to Plaintiff and/or Defendant.

2.     The terms "identify" or "describe" when used with reference to a document requires that you set forth the title or other means of identification of each such document, the date of each document, identification of the author, the names of all recipients, and the identification of the person or persons who have possession, custody or control of each document, or copies of it.

3.     The terms "identify" or "describe" when used with reference to a communication requires that you set forth the method of communication, the date, and time of the communication, the names of the individuals who participated in the conversation, the names of the individuals who overheard or viewed the conversation, the place or places the communication took place, and a summary or description of the communication.

4.     "Persons" or "entities" means each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "entity," or otherwise encompassed within this definition.

9

5.      "Communicate" or "communication" means and includes every manner or means of disclosure, transfer, or exchange of information, whether done orally or in writing, face-to-face, by telephone, telecopier, mail, e-mail, facsimile, personal delivery, overnight delivery, or otherwise.

6.      "Document" or "documents" means every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, magnetic, photographic, phonographic, electronic, or electrical means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and any other call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorializations of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail messages, hard disks, floppy disks, compact disks, magnetic tapes, computer tapes, any other type of computer media, and computer memory.  This definition of "document" or "documents" includes electronic data in all its forms, including, but not limited

10

to, information stored or maintained on, or which could be reproduced from, microfilm, computer printout, computerized backup media, cloud storage, or similar means.

7. The term "computer" includes, but is not limited to, microchips, personal computers and any other microcomputers, laptop computers, portable computers, notebook computers, tablets, personal digital assistants or any other handheld computers, personal communication devices (including, but not limited to BlackBerry, iPhone, Android, or any other form of mobile communications), and mainframe computers.

8. The term "ESI" means any electronically stored documents and information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly, or, if necessary, after translation by the responding party into a reasonably usable form.

9. The term "metadata" means the electronic information describing the history, tracking, or management of an electronic document. Metadata may include (but shall not be limited to) the name of the file creator, the name of the last editor, the number of times printed, the number of revisions, any deleted text, document comments, and the name of the document file.

10. "Relating to," or any form thereof, means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

11. The words "and" and "or" shall be construed both conjunctively and disjunctively. The singular shall be deemed to refer to the plural, and vice versa.

12. "You", "your", or "Community Home" shall mean Community Home Physicians, LLC and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, parents, and their respective officers, directors, employees,

11

partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

13.     Employee(s)" means any person who at any time during the period covered by this request (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

14.     "Complaint" shall mean the Complaint filed by the plaintiff in this matter.

15.     "Answer" shall mean the Answer filed by Community Home Physicians, LLC in this matter.