**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| Farmbrooke Family Physicians, P. C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:25-cv-06597 |
| v. | ) |
| | ) Hon. M. David Weisman |
| Community Home Physicians, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY RESPONSES**

Defendant Community Home Physicians, LLC's ("Community Home") through their attorney SBK Law Group LLP, submit the following in response to Plaintiff's Motion for Sanctions and to Compel Discovery and states as follows:

Plaintiff's ask this court for sanctions against Defendant pursuant to FRCP 16 and FRCP 37. As part of their request for sanctions, they are seeking to bar Defendant's from introducing any evidence in support of Defendant's claim for a failure to comply. This is a drastic sanction that would unduly prejudice the Defendants. There are less drastic sanctions available to this Honorable Court, namely an award of attorney's fees in favor of Plaintiff and against Defendant. An award of attorney's fees in favor of the Plaintiff is a reasonable sanction for the Court to enter in this case because this is the first Motion to Compel Plaintiff has brought.

Plaintiff cannot show that Defendant has a pattern of non-compliance with discovery orders because there has only been the initial discovery request to date. Barring evidence or entry of a default judgment would be more appropriate if Plaintiff could show that Defendant had exhibited a long pattern of discovery violations.

"A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a default judgment. Of course, the circumstances of the failure must be considered, because the judge must be guided by the norm of proportionality that guides all judicial applications of sanctions.... If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal (if the failure is by the plaintiff) or default (if by the defendant) would be an excessively severe sanction." See *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376 (7th Cir. 1993).

As the Court reasoned in *Crown Life Ins. Co*, any failure on the part of Defendant to comply with discovery requests is "inadvertent, isolated, and no worse than careless". For the Court to consider a sanction such as, entering a default judgment against Defendant or barring them from introducing evidence would be an excessively severe sanction pursuant to the Court's holding in *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376 (7th Cir. 1993).

WHEREFORE, Defendant's Community Home Physicians would ask that if the Court is inclined to grant Plaintiff's request for sanctions that it be limited to an award of attorney's fees for the reasons set forth above.

Dated: June 10, 2026

**COMMUNITY HOME PHYSICIANS, LLC**

By: /s/ Sean P. Sullivan
        One of its attorneys

Sean P. Sullivan
SBK Law Group, LLP
555 Water's Edge, Suite 205
Lombard, IL 60148
sean@sbklawgroup.com