**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Farmbrooke Family Physicians, P. C.,    )
    )
    Plaintiff,    )
    )    Case No. 1:25-cv-06597
    v.    )
    )    Hon. M. David Weisman
Community Home Physicians, LLC,    )
    )
    Defendant.    )

**PLAINTIFF'S FEE PETITION**

Plaintiff Farmbrooke Family Physicians, P. C. ("Farmbrooke"), pursuant to the Court's June 15, 2026 Order, and for its Fee Petition, states:

1.    On May 29, 2026, Farmbrooke filed a Motion for Sanctions and/or to Compel Responses to Discovery Requests. ECF No. 54.

2.    On June 15, 2026, this Court entered an order partially granting Plaintiff's sanctions Motion by awarding Farmbrooke its reasonable fees and costs based on the finding that Defendant failed to comply with the Court's April 20, 2026 Order to timely serve discovery responses to Farmbrooke's request. ECF No. 57.

3.    The Court has discretion to award attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37 which states that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with a court order. Fed.R.Civ.P. 37(b)(2)(C); *see also Houston v. C.G. Services, Inc.*, 820 F.3d 855, 859 (7th Cir. 2016).

4.    The standard methodology district courts apply for calculating fees is "a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly

rate." *Divane v. Krull Elec. Co.,* 319 F.3d 307, 317-18 (7th Cir. 2003), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983). The Court may then adjust the award amount by weighing additional factors including "the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases." *Spellan v. Board of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995).

5.      As a result of Defendant's failure to timely serve discovery responses to Plaintiff's requests, Farmbrooke was forced to expend time, effort, and expense in connection with its Motion for Sanctions and/or to Compel Responses to Discovery Requests.

6.      Attached hereto as Exhibit A is the Declaration of Max A. Stein, which establishes that Farmbrooke incurred $5,502.50.in reasonable attorneys' fees, costs, and expenses related to the preparation and filing of its sanctions motion and the instant petition. Based upon the degree of experience and skill of Farmbrooke's attorneys, the nature of this litigation, and the usual and customary charges for comparable services, the amount of Farmbrooke's attorney's fees is reasonable for the reasons stated in Mr. Stein's Declaration.

WHEREFORE, Plaintiff Farmbrooke Family Physicians, P.C. respectfully requests that Defendant Community Home Physicians, LLC, be ordered by a date certain to pay $5,502.50 to Farmbrooke, care of its attorneys, Maxson, Mago & Macaulay, LLP, and for all other or further relief as this Court deems just and proper.

Dated: June 19, 2026                           Respectfully Submitted,

2

**PLAINTIFF FARMBROOKE
FAMILY PHYSICIANS, P.C.**

By:     /s/Max A. Stein
One of its attorneys

Michael B. Cohen (ARDC # 6292575)
Max A. Stein (ARDC # 6275993)
Keith M. Stolte (ARDC # 6244848)
**MAXSON MAGO & MACAULAY, LLP**
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
mcohen@em3law.com
mstein@em3law.com
kstolte@em3law.com

3