**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FARMBROOKE FAMILY PHYSICIANS, P.C., | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 25 C 6597 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| COMMUNITY HOME PHYSICIANS, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**ORDER**

On 6/15/26, this Court granted Plaintiff's motion to compel, as set forth in the order [57], and awarded Plaintiff its reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiff filed its petition for fees [58] on 6/19/26. Although given an opportunity to respond by 6/29/26, Defendant did not do so. Accordingly, the Court rules on Plaintiff's petition without the benefit of a response.

"It is well settled that '[d]istrict courts have wide discretion in determining the appropriate amount of attorney's fees,' and that the 'party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed.'" *Hirsch v. Will Cnty.*, 19 CV 7398, 2023 WL 6809609, at *5 (N.D. Ill. Oct. 15, 2023) (citation omitted). "[T]he starting point for a court's evaluation of a fee request 'is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'" *Id*. (citation omitted). "Although the lodestar yields a 'presumptively reasonable fee,' after the lodestar calculation, the court 'may determine whether an adjustment is warranted under the case-specific circumstances.'" *Id*. (citation omitted).

Plaintiff seeks an award of $5,502.50 in reasonable attorneys' fees, costs, and expenses related to the preparation and filing of its sanctions motion and the instant petition. The request is supported by the declaration of Max A. Stein (Ex. A, Dkt. # 58-1), Plaintiff's counsel in this matter and a partner in the law firm of Maxson Mago & Macaulay LLP. Mr. Stein attests that he, Keith M. Stolte, Counsel at Maxson Mago & Macaulay LLP, and paralegal Cosmin Barbu all spent time on the motion to compel and the instant petition for fees. Mr. Stein attests that his firm charged Plaintiff his normal and customary rate of $525.00/hour, Mr. Stolte's normal and customary rate of $425.00/hour, and Mr. Barbu's work was billed at $150.00/hour. The Court finds these rates reasonable for the Northern District of Illinois given the level of experience of the attorneys. *See, e.g., Xie v. Entities & Individuals Identified in Annex A*, No. 25 CV 325, 2026 WL 941718, at *2 (N.D. Ill. Jan. 28, 2026) (hourly rate of $500 was reasonable for attorney with 10 years' experience

prevailing on Rule 37 motion); *Hirsch v. Will Cnty.*, No. 19 CV 7398, 2023 WL 6809609, at *6 (N.D. Ill. Oct. 15, 2023) (hourly rate of $525 reasonable for attorney with 28 years' experience prevailing on Rule 37 motion and collecting cases); *Bigfoot 4x4, Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 1:22-CV-06758, 2024 WL 1214749, at *4 (N.D. Ill. Mar. 21, 2024) (hourly rate of $800 reasonable for attorney with 28 years' experience prevailing on Rule 37 motion). According to Mr. Stein, these rates were billed to and paid by Plaintiff, further supporting the Court's finding of reasonableness. *See Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them.").

Mr. Stein further attests that he worked 5.2 hours ($2,730), Mr. Stolte worked 4.9 hours ($2,082.50), and the paralegal, Mr. Barbu, worked 4.6 hours ($690) on the motion to compel and the instant petition for fees for a total of 14.70 hours in the amount of $5,502.50. The Court has reviewed the time logs submitted by Mr. Stein and finds the time spent to be reasonable. Accordingly, the Court awards Plaintiff its reasonable attorney's fees in the amount of $5,502.50. Defendant shall pay Plaintiff the sum of $5,502.50 and payment shall be completed within fourteen (14) days of the date of entry of this order.

**Date**: July 2, 2026

**M. David Weisman**
**United States Magistrate Judge**

2