# EXHIBIT 1



Max A. Stein
Partner
mstein@em3law.com
(312) 899-6408
www.em3law.com

July 8, 2026

**VIA ELECTRONIC MAIL**

Sean P. Sullivan
SBK Law Group, LLP
555 Water's Edge, Suite 205
Lombard, IL 60148
sean@sbklawgroup.com

  **Re: Discovery**

Dear Sean:

  We have reviewed your client's discovery responses and have identified a number of issues with them.

  First, as we pointed out in the motion for sanctions, Community Home Physicians failure to timely serve its responses to Farmbrooke's First Set of Requests to Admit (or to at least request and obtain agreement on an extension of time) rendered all requests admitted as a matter of law. See Fed. R. Civ. P. 36(a)(3).

  Second, with respect to your client's responses to Farmbrooke's First Set of Interrogatories, several are incomplete or deficient under Rule 33.

- Interrogatory No. 1 requests the identities of persons who provided information for the responses to interrogatories and to identify which interrogatories each person that provided information. While the response identifies four individuals, it fails to identify which interrogatories each assisted in answering.

- Interrogatory 3 seeks the reason(s) why Community Home Physicians ceased making the payments required by Section 1.04 of the Asset Purchase Agreement ("APA") and the identities of all persons who made the decision to cease such payments. The response provides the purported reason your client ceased making the required payments, but fails to identify the person(s) who made the decision to cease making the payments.

- Interrogatory No. 9 requests detailed information concerning the "various complaints about [Dr. Sikorski's] conduct" and his purported "failure to comply with CP's requests" referenced in Brian Guimon's May 13, 2024 letter. The response fails to provide any information whatsoever about the complaints or the alleged failure to comply with CP's requests. Instead, it justifies its non-answer by

July 8, 2026
Page 2

stating "[a]t this time, Community Home does not possess sufficient information to identify every complaint, date, communication, or action taken with respect to each complaint. Community home is continuing to investigate these matters and will supplement this response as additional information becomes available through discovery and review of records."

As an initial matter, this response makes no sense. The interrogatory seeks the basis of a statement that Community Home made in a letter it sent in 2024. Thus, Community Home should know all of the complaints that led to that statement, as well as be able to provide information regarding Community Home's requests related to those complaints. The fact that Community Home claims not to know this information suggests that the statement in its May 13, 2024 letter was nothing more than a pretext.

Further, this response is inconsistent with Community Home Physicians' reliance on the complaints against Dr. Sikorski and other shortcomings in its responses to Interrogatories 3, 4, 5, 6, 7, 8, 11 12, & 13. The response to Interrogatory No. 5 expressly states that "concerns regarding his conduct, performance, patient complaints, and matters affecting the goodwill and reputation of the practice . . . were communicated to Community Home through patient complaints and documentation maintained by Practice Manager Brenda Kuchulan on March 22nd, 2024, who provided records identifying patient complaints, dates, occurrences, and related concerns involving Dr. Sikorski." This statement indicates that Community Hope Physicians has already conducted its investigation and that it has already collected the alleged complaints and communications about which Interrogatory No. 9 seeks detailed information.

- Interrogatory No. 13 requests details of all complaints related to Dr. Sikorski received between January 17, 2024 and May 30, 2024, "identifying the person or persons making the complaint, the date or approximate date of the complaint, the substance of the complaint, and any actions Community Home took in response to the complaint." The response, "Brian Guimon 4/4/24; 4/8/24 and Brenda Kuchulan 3/22/24" fails to provide Farmbrooke with the requested details.

- Finally, the Interrogatory responses lack a verification by the person(s) at Community Home Physicians who provided the answers, as Rule 33 requires.

With respect to your client's responses to Farmbrooke's First Set of Requests for the Production of Documents and Things, some requests went completely unanswered (Request Nos. 4 & 12) and others are ambiguous or confusing. Several responses simply say "Investigation Continues Defendant reserve the right to supplement answers as new documents become available." Several also simply refer to the response to Request No. 1, which, in turn, refers to the APA and communications from Brenda Kuchulan and

July 8, 2026
Page 3

Brian Guimons. We need to know for each document request whether Community Home Physicians is or will be producing documents responsive to each request.

Next, your client has objected to producing documents responsive to Request No. 14 seeking monthly, quarterly and annual financial statements for 2024 and 2025, including profit and loss statements, on the basis that the request is overly broad, unduly burdensome and irrelevant.  These unexplained boilerplate objections lack merit.  Your client's defenses assert that its business operations have been damaged by Plaintiff's alleged conduct and that the value of the practice is diminished.  Those allegations inherently make the requested financial information relevant.

Finally, and perhaps most significantly, Community Home's production is entirely inadequate, suggesting that Community Home failed to even attempt to comply with its obligations. The entire production seemingly consists of 47 pages of documents, with the Complaint and its exhibits taking up 39 of those pages.  Three emails comprise the remaining 8 pages.  Thus, despite its defenses primarily consisting of claims that Farmbrooke somehow failed to disclose relevant information prior to the close of the contract that Community Home breached, Community Home has failed to produce any documents reflecting what was disclosed. This alone demonstrates the inadequacy of Community Home's production.

Given the history here, these shortcomings must be rectified immediately. We therefore demand that your client supplement its responses to Farmbrooke's first set of interrogatories and document requests no later than July 13, 2026.  Failing that, we intend to take the matter of Community Home Physicians' deficient discovery responses up with the Court in the status report that will be filed with the Court on July 14 ,2026.

Very truly yours,

Max A. Stein

cc:     Keith M. Stolte, EM3 (by email)
        Michael B. Cohen, EM3 (by email)