# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Farmbrooke Family Physicians, P. C., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-06597 |
| v. | ) | |
| | ) | Magistrate Judge: M. David Weisman |
| Community Home Physicians, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Community Home Physicians, LLC ("Community Home"), through its attorneys and

pursuant to Federal Rule of Civil Procedure, sets forth its answers to Plaintiff Farmbrooke Family

Physicians, P. C interrogatories.

**INSTRUCTIONS & DEFINITIONS**

The instructions and definitions for these interrogatories are set forth in Exhibit 1.

**INTERROGATORIES**

1.      Identify all persons, other than attorneys representing you in this matter, who
participated or assisted in, or who were consulted about, the drafting of answers or objections to
any of these interrogatories and identify which interrogatory or interrogatories each such person
answered.

**RESPONSE: Brian Guimon, email: bguimon@cphysicians.org, Manager of Farmbrooke
Clinic, Dr. Bader Almoshelli, Muhammad Nafees, Yusra Gomaa.**

2.      Identify all persons who may have knowledge of any facts relevant to the
allegations of the Complaint and the Answer to the Complaint and Affirmative Defenses, and for
each such person, state the subject and extent of such person's knowledge.

**RESPONSE: Dr. Almoshelli: Chief Executive Officer of Community Physicians LLC, has
knowledge of the LOI, Asset Purchase Agreement, and termination of Dr. Sikorski's
employment. Muhammad Nafees: Chief Financial Officer of Community Physicians LLC,**

1

**has knowledge of the LOI, Asset Purchase Agreement, and termination of Dr. Sikorski's employment. Brian Guimon: Market President of Community Physicians, responsible for managing Michigan area practices, as well as acquisition. Yusra Gomaa: Attorney and Partner for KAPITAN GOMAA LAW, hired to review Dr. Sikorski's employment file. Manager of Farmbrooke Family Physicians, P.C. , Name and Contact TBD: knowledge about the claims.**

3.      Identify any reasons Community Home ceased making payments to Farmbrooke required by section 1.04 of the Asset Purchase Agreement attached as Exhibit 1 to the Complaint (the "APA") and identify all persons who made the decision to cease such payments or who participated in making that decision.

**RESPONSE:** **Community Home ceased making payments under Section 1.04 of the Asset Purchase Agreement after discovering information that had not been disclosed by Dr. Sikorski during the negotiation and sale of the practice and which Community Home believed materially affected the value of the practice, its goodwill, patient relationships, and business operations. Upon learning of such information, Community Home determined that Dr. Sikorski's continued employment was not in the best interests of the practice and terminated his employment. The determination was based in part upon the importance of goodwill, patient relationships, and patient transition obligations that formed a material basis of the parties' transaction, as reflected in the parties' pre-closing negotiations and Letter of Intent. Community Home contends that the information subsequently discovered was inconsistent with the expectations upon which it entered into the transaction and acquired the practice. Community Home further determined that, pursuant to Section 1.05 of the Asset Purchase Agreement, no further payments were owed following the termination of Dr. Sikorski's employment prior to completion of the contractual employment period. Community home also contends that Dr. Sikorski failed to disclose material information relevant to the transaction and goodwill purchased by Community Home.**

4.      Identify any reasons that Community Home terminated Dr. Sikorsky's employment and identify all persons who made the decision to terminate his employment or who participated in making that decision.

**RESPONSE: Community Home terminated Dr. Sikorski's employment after discovering information that it contends was not disclosed during the negotiation and sale of the practice and which Community Home believed materially affected the practice, its goodwill, patient relationships, and business operations. The decision to terminate Dr. Sikorski's employment was made by Community Home's executive officers: Dr. Almoshelli and Muhammad Nafees.**

5.      Identify the reasons for your denial of Paragraph No. 14 in the Complaint that "Dr. Sikorski was never told that his performance of his employee duties with Community fell short of the contractual (or any other) standard," identifying dates of any related communications and the person or persons involved in such communications.

**RESPONSE: Community Home denied Paragraph 14 of the Complaint because Dr. Sikorski was informed of concerns regarding his conduct, performance, patient complaints, and matters affecting the goodwill and reputation of the practice. These concerns were communicated to Community Home through patient complaints and documentation maintained by Practice Manager Brenda Kuchulan on March 22nd, 2024, who provided records identifying patient complaints, dates, occurrences, and related concerns involving Dr. Sikorski. Additionally, Brian Guimon communicated directly with Dr. Sikorski on April 4th, 2024, regarding concerns relating to his conduct and performance. The persons involved in these communications include, but are not limited to, Brenda Kuchulan, Brian Guimon, Dr. Bader Almoshelli, and Dr. Sikorski. Responsive emails, records, and communications reflecting these discussions and concerns are being produced in discovery. Community Home reserves the right to supplement this response as discovery continues.**

6.      Identify the reasons for your denial of Paragraph No. 15 in the Complaint that "Dr. Sikorski provided his services in complete conformity with his contractual obligations as detailed in his employment agreement with Community."

**RESPONSE: Community Home denied Paragraph 15 of the Complaint because Community Home contends that Dr. Sikorski did not perform his services in complete conformity with his contractual obligations under the Employment Agreement. Among other things, Community Home received and investigated patient complaints and concerns regarding Dr. Sikorski's conduct and performance. Community Home further contends that Dr. Sikorski engaged in conduct that adversely affected the goodwill, reputation, patient relationships, and business operations of the practice. The basis for Community**

3

**Home's denial includes, but is not limited to, patient complaints, records and documentation maintained by practice manager Brenda Kuchulan identifying dates, occurrences, and related concerns involving Dr. Sikorski, communications between Community Home representatives and Dr. Sikorski regarding such concerns, and information discovered by Community Home during Dr. Sikorski's employment. Community Home reserves the right to supplement this response as discovery continues.**

7. Identify the reasons for your denial of Paragraph No. 17 in the Complaint that "Dr. Sikorski did not voluntarily leave his employment with Community."

**RESPONSE: Community Home does not contend that Dr. Sikorski voluntarily left his employment. Rather, Community Hone terminated Dr. Sikorski's employment after discovering information that it contends had not been disclosed during the negotiation and sale of the practice and which Community Home believed materially affected the practice, its goodwill, patient relationships, and business operations.**

8. Identify the reasons for your denial of Paragraph No. 28 in the Complaint that "Community and Farmbrooke entered [into] an enforceable contract for the purchase of assets."

**RESPONSE: Dr. Mark Sikorski failed to disclose material information during the negotiation and sale of the practice, including information relating to prior patient complaints, allegations, investigations, legal proceedings, reputational issues, and other matters that Community Home contend materially affected the value of the practice, its goodwill, patient relationships, and business operations.**

9. Identify the "various complaints about [Dr. Sikorski's] conduct" and Dr. Sikorski's "failure to comply with CP's requests" referenced in Brian Guimon's letter to Dr. Sikorski dated May 13, 2013, identifying all persons who made the complaints against Dr. Sikorski, the date of the complaints, the substance of the complaints, all communications concerning the complaints and any actions Community Home took with respect to the complaints.

**RESPONSE: At this time, Community Home does not possess sufficient information to identify every complaint, date, communication, or action taken with respect to each complaint. Community home is continuing to investigate these matters and will supplement**

4

this response as additional information becomes available through discovery and review of records

10. Identify every prior material breach upon which Community Home bases its Affirmative Defense No. 1 for Prior Material Breach by Farmbrooke, identifying for each such breach, the date of the breach, all communications relating to the breach, including communications to and from Farmbrooke and/or Dr. Sikorski, the substance of the breach, and all harm to Community Home caused by the breach.

**RESPONSE:** **See answers to #12 and #13 below. See also documents responsive to Notice to Produce. Investigation continues. Defendant reserves the right to supplement as more information becomes available.**

11. Identify the basis for your allegations in Affirmative Defense No. 3 for Equitable Estoppel that "FB knowingly misrepresented or concealed material facts and hence should be equitably estopped from recovering on it[s] claims."

**RESPONSE:** **Community Home's Third Affirmative Defense is based upon its contention that Farmbrooke and Dr. Mark Sikorski failed to disclose material information during the negotiation and sale of the practice, including information relating to prior patient complaints, allegations, investigations, legal proceedings, reputational issues, and other matters that Community Home contends materially affected the value of the practice, its goodwill, patient relationships, and business operations. Community Home further contends that it relied upon incomplete and/or misleading information in entering into the Asset Purchase Agreement and related Employment Agreement. Community Home's investigation remains ongoing. The facts supporting this defense include information obtained from patient complaints, records maintained by Practice Manager Brenda Kuchulan, communications involving Brian Guimon and Community Home management, public records, legal proceedings involving Dr. Sikorski, and documents produced or to be produced in discovery. Community Home reserves the right to supplement this response as discovery continues.**

12. Identify the basis for your allegations in Affirmative Defense No. 4 for Breach of the Covenant of Good Faith and Fair Dealing that "FB acted arbitrarily, capriciously and/or in a manner inconsistent with reasonable expectations," including identifying all such acts, the dates of the occurrence, and the impact on Community Health.

**RESPONSE: Dr. Sikorski's unprofessional and hostile interactions with patients as disclosed by Brian Guimon and Brenda Kuchulan.**

13.     Identify all complaints received by Community Home between January 17, 2024 and May 30, 2024 by any patient, customer, or employee related to Dr. Sikorski, identifying the person or persons making the complaint, the date or approximate date of the complaint, the substance of the complaint, and any actions Community Home took in response to the complaint. **RESPONSE: Brian Guimon 4/4/24; 4/8/24 and Brenda Kuchulan 3/22/24**

Dated: June 25, 2026                          Respectfully submitted,

                                              **Community Home Physicians, LLC**

                                              By:     /s/ *Sean P. Sullivan*
                                                       One of its attorneys

Sean P. Sullivan
*Attorneys for Defendant*
SBK Law Group, LLP
Attorney No.: 352398
555 Waters Edge, Suite 205
Lombard, IL 60148
(630) 427-4407
notice@sbklawgroup.com