**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Farmbrooke Family Physicians, P.C.

                              Plaintiff,

v.                                                    Case No.: 1:25–cv–06597
                                                      Honorable M. David Weisman

Community Home Physicians, LLC

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 15, 2026:

        MINUTE entry before the Honorable M. David Weisman: Magistrate status hearing held. Defense counsel forwarded Plaintiff's Rule 37.2 letter to his clients, but Defendants have not been responsive to discovery generally. Court reviewed issues with the parties based on Plaintiff's 7/8/26 Rule 37.2 letter. ROG 1, regarding who answered which interrogatories, this is appropriate and not burdensome and Defendants to answer fully. ROG 3, seeking reasons Defendants ceased making payments and who made that decision, this is appropriate and not burdensome and Defendants must answer fully. ROG 9, seeking detailed information regarding complaints about Dr. Sikorski's conduct and purported failure to comply with CP's request, the Court understands Defendant's response regarding "every" complaint, but it must provide any specificity it can, so this needs to be answered with additional detail but can include "investigation continues." ROG 13, details of all complaints regarding Dr. Sikorski received between January 17, 2024 and May 30, 2024, the Court finds Defendant's response to be insufficient so it must be fully answered as to the identified complaints with requested details; Defendant can refer to documents produced in response to Requests for Production, but the interrogatory response must identify the specific documents it is relying on. See Fed. R. Civ. P. 33(d). Regarding the verification, Defendant can wait until it provides the additional details directed in this order prior to verifying answers. Regarding RFPs, Plaintiff asserts that the document production is insufficient because Defendant's production was basically 8 pages and does not include employment file, due diligence materials that Defendant would have created, etc. Defendant understands Plaintiff's request but has been told there are no more documents and stated depositions may reveal additional information. Court noted that Defendant's failure to meaningfully respond to discovery could force second depositions of the same witnesses. Court further noted the cost to Defendant of not fully responding to discovery, including restricting its arguments/facts on summary judgment. Plaintiff requested that if there are no responsive documents, Defendant's written answer shall so state. Defendant will confirm with client that there are no documents and if that is the case, Defendant will supplement its written response to so state. D has until 7/31/26 to answer the interrogatories as stated, and to 8/14/26 to respond to all outstanding RFPs, including attesting that no documents exist, if that is the case. Defendant stated Plaintiff#039;s request for monthly, quarterly, and annual financial statements in 2024 and 2025, RFP 14, will be a challenge. Defendant shall respond based on how Defendant

maintains its financial statements. Thus, Defendant to produce monthly statements, if that is how Defendant maintains them, or quarterly statements, if Defendant only prepares quarterly statements. Annual statements must be produced to the extent they exist. Status hearing set for 9/9/26 at 9:15 a.m. Joint status report due by noon on 9/4/26 setting forth the status of written discovery and a deposition schedule. Parties may appear in person or dial in using the Court's conference call–in number. The conference call–in number is 1–855–244–8681 and the access code is 2316 422 1828##. Members of the public and media who wish to listen to this hearing may call in. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.