**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| Farmbrooke Family Physicians, P. C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-06597 |
| v. | ) | |
| | ) | Hon. M. David Weisman |
| Community Home Physicians, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SECOND MOTION FOR SANCTIONS REGARDING DEFENDANT'S DISCOVERY RESPONSES**

Plaintiff Farmbrooke Family Physicians, P. C. ("Farmbrooke Family"), pursuant to Federal Rules of Civil Procedure 16(f) and 37, respectfully moves the Court, for the second time, to enter an order sanctioning Defendant Community Home Physicians, LLC ("Community Home") for failing to comply with its discovery obligations in this matter.

1. This should be a simple, straightforward breach of contract dispute. Farmbrooke Family alleges that Community Home breached the parties' contract by failing to pay Farmbrooke Family the full amount due under the January 17, 2024 Asset Purchase Agreement (the "APA"). *See, e.g.*, Memorandum Opinion and Order, ECF No. 37, at 1. As a result, Farmbrooke Family filed its one-count breach of contract complaint against Community Home on June 13, 2025.

2. Had Community Home complied with the prior discovery deadlines in this matter, the parties likely would have completed discovery by now and Farmbrooke Family would likely have filed or soon be filing a motion for summary judgment. Instead, because Community Home has repeatedly (and knowingly and willfully) failed to comply with the deadlines set by the Court, Farmbrooke Family effectively has yet to receive any meaningful responses to the discovery

requests it served on January 23, 2026, let alone been able to take any depositions that might be necessary.

3. Accordingly, for the second time in this case, Farmbrooke Family brings a motion for sanctions against Community Home. Farmbrooke Family respectfully requests that the Court now enter another order sanctioning Community Home, including, at a minimum, ordering that (1) Community Home be limited to its existing discovery responses, (2) Community Home be barred it from providing any further supplements to its existing discovery responses, and (3) Community Home be required it to pay Farmbrooke Family's fees associated with bringing this motion.

4. The Court has, in multiple instances, previously warned Community Home about the ramifications of not complying with its orders. For instance, when the Court granted Farmbrooke Family's first such motion, it warned: "The Court will not continue to look kindly on further delays and disregarding of court orders." Doc. 57 at 2. Those warnings, however, have fallen on deaf ears. Given the history here, Farmbrooke Family suggests that the sanctions now entered against Community Home include, but not be limited to, default judgment being entered against it, or at the very least, strictly limiting Community Home to the discovery responses it has so far served on Farmbrooke Family and excluding evidence that Community Home could have produced in response to discovery requests but failed to do so.

## BACKGROUND

5. On December 15, 2025, the Court entered the initial schedule in this matter, adopting the parties' proposed schedule. Under that schedule, the parties were to issue written discovery by January 23, 2026 and complete fact discovery by April 30, 2026. ECF No. 41.

6. As directed, on January 23, 2026, the parties served their discovery requests. While the initial deadline for responses to those requests was extended by agreement to allow for potential settlement efforts that did not materialize, the Court extended the fact discovery deadline to June 30, 2026, indicating that no further extensions would be allowed barring extraordinary circumstances. ECF No. 51. At the same time, the Court ordered the parties to diligently proceed with completion of fact discovery, including requiring that Community Home serve its discovery responses on or before May 1, 2026. *Id.*

7. After Community Home failed to comply with the Court's May 1, 2026 deadline, Farmbrooke Family brought its first motion to compel and for sanctions. The Court granted that motion on June 15, 2026, ordering Community Home to serve its discovery responses within 7 days. In granting that first motion for sanctions, the Court refrained from imposing "more drastic sanctions" but "admonishe[d] Community Home that its continued failure to respond will lead to more drastic sanctions, including possibly claim-limiting sanctions or default judgment." Doc. 57 (citing *DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 3:12-CV-50324, 2024 WL 2846035 at * 32 (N.D. Ill. June 5, 2024)).

8. Community Home served its responses on June 25, 2026. Those responses, however, failed to properly or fully respond to the requests. The Court addressed those deficiencies with the parties and, on July 15, 2026, ordered that Community Home supplement its interrogatory responses by July 31, 2026 and its document production by August 14, 2026. Doc. 63.

9. Once again, Community Home failed to comply with the deadlines set by the Court. After the July 31, 2026 deadline passed, Community Home's then-counsel filed a motion to withdraw, which the Court granted on August 19, 2026. In granting the motion, the Court again warned Community Home, this time stating it "intends to move the case forward." Doc. 69.

10. After Community Home's current counsel resumed its active representation of Community Home in this matter, the Court again set a deadline for Community Home to supplement its discovery responses, this time requiring that it supplement its responses by October 2, 2026 and any meet-and-confers regarding those supplemented responses be completed by October 12, 2026.

11. Once more, Community Home failed to comply with the deadlines set by the Court and, as of the filing of this Motion, still has not served its supplemental discovery responses.

**ARGUMENT**

12. Community Home's repeated failure to comply with its obligations under the Federal Rules of Procedure and this Court's orders mean that it should, again, be sanctioned. This time, the Court should issue an order entering a default judgment or, at the very least, barring Defendant from any further supplements to its responses to Plaintiff's discovery requests and excluding evidence that Defendant could have produced but has not. The Court should further sanction Community Home by, again, requiring it to pay the fees and costs associated with bringing this motion.

13. When a defendant fails to obey a court order directing discovery responses, Federal Rule of Civil Procedure 37(b)(2) provides that a district court may impose sanctions. Fed. R. Civ. P. 37(b)(2); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 755–56 (7th Cir.1994). Thus, after a court has issued an order setting a deadline for discovery responses, as the Court did here multiple times, including, most recently, on September 16, 2026, a plaintiff may file a motion for sanctions if the defendant fails to comply with that deadline. *Id.*

14. "An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance

with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Woods v. Chicago Transit Authority*, 2006 WL 2460618, *2 (N.D.Ill. Aug. 18, 2006) citing *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 96 (1976).

15. Here, Community Home has acted with bad faith and adopted a pattern of contumacious conduct meriting an award of sanctions. *DR Distributors*, 2024 WL 2846035 at *32. There is no dispute that the Court ordered deadlines for Community Home and that Community Home repeatedly failed to adhere to those deadlines. Thus, Community Home's failure to comply with its discovery obligations and this Court's orders is knowing and willful and sanctions are merited. Sanctions that this Court could impose include:

> i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> iii. striking pleadings in whole or in part;
>
> iv. staying further proceedings until the order is obeyed;
>
> v. dismissing the action or proceeding in whole or in part;
>
> vi. rendering a default judgment against the disobedient party; or
>
> vii. treating as contempt of court the failure to obey any order.

Fed. R. Civ. P. 37(b)(2)(A). Subsection C states that "the court ***must order*** the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Rule 37(b)(2)(C).

16. Given Community Home's multiple failures to comply with the Court's deadlines (and its failure to meaningfully participate in the discovery phases of this litigation at all),

Farmbrooke Family now requests that the Court enter another order sanctioning it. This time, Farmbrooke Family, suggests that sanction should take the form of a default judgment, or, at a minimum, effectively prohibit Community Home from supplementing its discovery responses and award Farmbrooke Family the fees and costs associated with bringing this motion.

17. Having previously been warned and admonished by the Court, Community Home still failed, on multiple occasions, to comply with the Court's deadlines. Accordingly, Community Home's failures justify imposing the more drastic sanctions the Court previously refrained from imposing, such as entering judgment against Community Home, directing that its breach as alleged in the Complaint be taken as established for purposes of this action, or prohibiting Community Home from opposing Farmbrooke Family's breach of contract claim, as provided for in Rule 37(b)(2)(A). *See, e.g.*, *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir.1992) (affirming sanction of default judgment where defendant refused to show up for her deposition); *Craftwood Lumber Co. v. Interline Brands, Inc*., No. 11 C 4462, 2013 WL 4598490, **11-14 (N.D. Ill. Aug. 29, 2013 (Grady, J.) (precluding defendant from offering evidence in support of their defenses where defendant failed to produce documents by the court-imposed deadline); *DR Distributors*, 2024 WL 2846035 at *32 (stating that a defendant's "failure to comply with discovery orders is properly sanctioned by . . . entry of a default judgment.").

18. To the extent that the Court still believes such an order would, notwithstanding Community Home's ongoing failure to engage in this litigation, nonetheless be too drastic, Farmbrooke Family requests that the Court enter an order finding Community Home to be in contempt of court and impose a fine of $2,500 per day, or such other amount as the Court deems appropriate, until such time as Community Home provides its discovery responses, with such fine to be paid to Farmbrooke Family and be offset against any final judgment entered in its favor.

*Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003) ("there is ample case law validating the use of fines, especially where they are 'remedial,' as sanctions for discovery abuses); C*lassic Amenities, Inc. v. Verbeke*, No. 00 C 3326. 2001 WL 630709, at *2 (N.D.Ill. June 4, 2001) (assessing a $5000 fine for a Rule 37 violation and collecting cases assessing court fines).

WHEREFORE, Plaintiff Farmbrooke Family Physicians, P.C. respectfully requests that the Court enter an order addressing Defendant Community Home Physicians, LLC's failures to comply with the Court's orders as outlined above and for such other relief as the Court deems appropriate.

Dated: October 15, 2026

Respectfully Submitted,

**PLAINTIFF FARMBROOKE FAMILY PHYSICIANS, P.C.**

By: /s/Max A. Stein
One of its attorneys

Michael B. Cohen (ARDC # 6292575)
Max A. Stein (ARDC # 6275993)
Keith M. Stolte (ARDC # 6244848)
**MAXSON MAGO & MACAULAY, LLP**
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
mcohen@em3law.com
mstein@em3law.com
kstolte@em3law.com