**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| Farmbrooke Family Physicians, P. C., | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-06597 |
| v. | ) | |
| | ) | Hon. M. David Weisman |
| Community Home Physicians, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S THIRD MOTION FOR SANCTIONS**
**REGARDING DEFENDANT'S DISCOVERY RESPONSES AND FEE PETITION**

Plaintiff Farmbrooke Family Physicians, P. C. ("Farmbrooke Family"), pursuant to Federal Rules of Civil Procedure 16(f) and 37, respectfully moves the Court, for the second time, to enter an order sanctioning Defendant Community Home Physicians, LLC ("Community Home") for failing to comply with its discovery obligations in this matter.

1. As the Court well knows by now, this simple breach of contract dispute has become bogged down by Community Home repeatedly (and knowingly and willfully) failing to comply with the deadlines set by the Court. As a result, Farmbrooke Family effectively has yet to receive any meaningful responses to the discovery requests it served on January 23, 2026, let alone been able to take any depositions that might be necessary.

2. Community Home's repeated failures have already been the subject of two motions for sanctions and the Court has granted both of them, at least in part. In granting the second, the Court ordered that Community Home "must respond to the discovery requests reference in the motion for sanctions by COB 10/29/26." Doc. 79.

3. Once more, Community Home failed to comply with the Court's deadline.

4. Instead, on October 28, 2026, Community Home made another settlement proposal. Farmbrooke Family responded to that proposal on November 3, 2026, rejecting the offer and providing a counteroffer. In that response, Farmbrooke Family also made it clear that it was not agreeing to postpone any of the deadlines set by the Court. Community Home responded to that counteroffer first by requesting that Farmbrooke Family not file any further motions or incur further expenses and with a further settlement offer. Farmbrooke Family responded to that further offer on November 4, 2026, again rejecting the offer and providing a counteroffer. At the same time, Farmbrooke Family made it clear that it would continue to adhere to the deadlines set by the Court, noting that if Community Home wished to have the deadlines adjusted, it would need to file a request with the Court.

5. Accordingly, now for the third time, Farmbrooke Family brings a motion for sanctions against Community Home, this time for its failure to comply with the Court's order to respond to the discovery requests referenced the Court's first order on sanctions by October 29, 2026.

6. With Community Home having now failed to comply with at least three orders from the Court, Farmbrooke Family respectfully requests that the Court now enter another order sanctioning Community Home and order that (1) Community Home be limited to its existing discovery responses, (2) Community Home be barred it from providing any further supplements to its existing discovery responses, and (3) Community Home be required it to pay Farmbrooke Family's fees associated with bringing its second sanctions motion and this third such motion.

## BACKGROUND

7. Farmbrooke Family previously detailed the background regarding Community Home's failures in its second motion for sanctions, Doc. 75, and so will not repeat them here and, instead, incorporates that background by reference.

8. Since the filing of that motion, the Court granted the motion, in part, and ordered Community Home to respond to the long-outstanding discovery requests by the close of business on October 29, 2026. Doc. 79.

9. Community Home failed to respond by the deadline set by the Court. Thus, once more, as of the filing of this Motion, still has not served its supplemental discovery responses.

10. The Court further ordered Farmbrooke Family to submit a fee petition or any other motion by November 5, 2026. In compliance with that deadline, Farmbrooke Family now brings this third motion for sanctions and provides its fee petition.

## ARGUMENT

11. Community Home's repeated failure to comply with its obligations under the Federal Rules of Procedure and this Court's orders mean that it should, again, be sanctioned. The Court well knows the possible sanctions available under Rule 37(b)(2)(A), and Farmbrooke Family will leave it to the Court to decide which of those sanctions to impose here. That said, Farmbrooke Family believes that, at a minimum, the Court should bar Community Home from introducing any evidence that it could have produced, but has not, and by requiring it to pay the fees and costs incurred by Farmbrooke Family in bringing both its second and third motions for sanctions.

12. When a defendant fails to obey a court order directing discovery responses, Federal Rule of Civil Procedure 37(b)(2) provides that a district court may impose sanctions. Fed. R. Civ. P. 37(b)(2); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 755–56 (7th Cir.1994). Thus, after a court has

issued an order setting a deadline for discovery responses, as the Court did here multiple times, including, most recently, on October 23, 2026, a party may file a motion for sanctions if its opponent fails to comply with that deadline. *Id.*

13. "An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Woods v. Chicago Transit Authority*, 2006 WL 2460618, *2 (N.D.Ill. Aug. 18, 2006) citing *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 96 (1976).

14. Here, Community Home has acted with bad faith and adopted a pattern of contumacious conduct meriting an award of sanctions. *DR Distributors*, 2024 WL 2846035 at *32. There is no dispute that the Court ordered deadlines for Community Home and that Community Home repeatedly failed to adhere to those deadlines. Indeed, having been warned and admonished by the Court on multiple occasions, Community Home still failed, also on multiple occasions, to comply with the Court's deadlines. Accordingly, Community Home's failures justify imposing the more drastic sanctions the Court previously refrained from imposing. *See, e.g.*, *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir.1992) (affirming sanction of default judgment where defendant refused to show up for her deposition); *Craftwood Lumber Co. v. Interline Brands, Inc*., No. 11 C 4462, 2013 WL 4598490, **11-14 (N.D. Ill. Aug. 29, 2013 (Grady, J.) (precluding defendant from offering evidence in support of their defenses where defendant failed to produce documents by the court-imposed deadline); *DR Distributors*, 2024 WL 2846035 at *32 (stating that a defendant's "failure to comply with discovery orders is properly sanctioned by . . . entry of a default judgment.").

15. Rule 37(b)(2)(C) states that "the court ***must order*** the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See also Houston v. C.G. Services, Inc.*, 820 F.3d 855, 859 (7th Cir. 2016).

16. The standard methodology district courts apply for calculating fees is "a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Divane v. Krull Elec. Co.,* 319 F.3d 307, 317-18 (7th Cir. 2003), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The Court may then adjust the award amount by weighing additional factors including "the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases." *Spellan v. Board of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995).

17. Here, the Court has already entered sanctions against Community Home and requested that Farmbrooke Family submit its fees associated with its second sanctions motion. Doc. 79. In light of Community Home's latest failure, Farmbrooke Family is now submitting the fees it has incurred since its failure, on October 2, 2026, to serve its supplemental discovery responses as ordered by the Court. Doc. 72.

18. Attached hereto as Exhibit A is the Declaration of Max A. Stein, which establishes that Farmbrooke incurred $6,052.50 in reasonable attorneys' fees, costs, and expenses related to

the preparation and filing of its second and third sanctions motions and fee petition. Based upon the degree of experience and skill of Farmbrooke's attorneys, the nature of this litigation, and the usual and customary charges for comparable services, the amount of Farmbrooke's attorney's fees is reasonable for the reasons stated in Mr. Stein's Declaration.

WHEREFORE, Plaintiff Farmbrooke Family Physicians, P.C. respectfully requests that the Court enter an order addressing Defendant Community Home Physicians, LLC's continued failures to comply with the Court's orders as outlined above, requiring it to pay $6,052.50 to Farmbrooke Family, care of its attorneys, Maxson Mago & Macaulay, LLP, and for such other relief as the Court deems appropriate.

Dated: November 5, 2026

Respectfully Submitted,

**PLAINTIFF FARMBROOKE FAMILY PHYSICIANS, P.C.**

By: /s/Max A. Stein
One of its attorneys

Michael B. Cohen (ARDC # 6292575)
Max A. Stein (ARDC # 6275993)
Keith M. Stolte (ARDC # 6244848)
**EM3 | MAXSON MAGO & MACAULAY, LLP**
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
mcohen@em3law.com
mstein@em3law.com
kstolte@em3law.com